IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PHILIP SAMUEL,                §
                              §
          Plaintiff,          §
                              § Civil Action No. 3:18-CV-2457-D
VS.                           §
                              §
JOE DOE and all occupants,    §
                              §
          Defendants.         §

MEMORANDUM OPINION
AND ORDER

Plaintiff Philip Samuel's ("Samuel's") motion to remand this removed case to Dallas County Justice Court, Precinct 2, Place 2, is granted because the case was removed based on diversity of citizenship and the removing defendants, Joe Doe ("Doe") and all occupants, allege in their notice of removal that they are Texas citizens.[1]

I

Proceeding *pro se*, defendants removed this real estate foreclosure action from Dallas County justice court to this court based on diversity of citizenship. Samuel moves to remand on the ground, *inter alia*, that Doe is a Texas citizen and that this case is not removable based

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

on diversity of citizenship.² Defendants have not responded to the motion, and it is ripe for decision.³

II

The court need not address Samuel's other grounds for remand because he correctly maintains that this case could not have been removed to this court based on diversity of citizenship since Doe, a properly-served in-state citizen, is a defendant. *See* 28 U.S.C. § 1441(b)(2). In other words, even though the notice of removal alleges that there is complete diversity of citizenship (a New York plaintiff and Texas defendants),⁴ the removal statute does not permit removal to a federal district court that sits in Texas when there is a properly-joined and served *Texas*-citizen defendant.⁵ Defendants' notice of removal alleges that defendants, including Doe, are Texas citizens and that they have been served. The court

---

²Samuel also contends that Doe has not satisfied the minimum amount in controversy. The court need not address this ground of his motion.

³Samuel filed his motion on September 28, 2018. Defendants' response was due October 19, 2018. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

⁴At one point in the notice of removal, defendants allege that they, too, are citizens of New York, but this apparently is a typographical error.

⁵This type of defect is procedural. *See, e.g., Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 n.18 (5th Cir. 2010) ("[A] procedural defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court." (citing *Williams v. AC Spark Plugs Div. of Gen'l Motors Corp.*, 985 F.2d 783, 787 (5th Cir.1993))). This means that "the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection." *Williams*, 985 F.2d at 787. Samuel timely moved to remand on September 28, 2018, within 30 days of the September 14, 2018 improper removal.

therefore grants Samuel's motion to remand on the ground that removal was improper.

* * *

Accordingly, Samuel's motion to remand is granted, and this case is remanded to Dallas County Justice Court, Precinct 2, Place 2. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

October 31, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE